UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| LESLIE GREEN,<br><br>    Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br><br>and<br><br>OWENS & MINOR,<br><br>    Defendants | Civil Action No. 3:12-cv-882<br><br>Judge John A. Gibney<br><br>**SO ORDERED**<br><br>3/12/12 /s/ *[signature]*<br>John A. Gibney, Jr.<br>United States District Judge |

**CONSENT MOTION FOR LEAVE TO FILE
AN AMENDED COMPLAINT AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW PLAINTIFF, by counsel, and moves this Honorable Court for leave to file an Amended Complaint, which is attached hereto as Exhibit A.

The Amended Complaint attached hereto deletes the original Count Three, and in its stead, against both Defendants states a breach of ERISA disclosure requirements under 29 U.S.C. 1022 and 1024.

In addition, the Amended Complaint revises Count Four to a cause of action for breach of fiduciary duty and co-fiduciary liability against both Defendants under 29 U.S.C. § 1132(a)(3) seeking equitable relief. In the original complaint, Count Four stated a claim under 29 U.S.C. § 1104 against solely O&M.

As grounds for this Motion, Plaintiff states as follows:

### Certification as to LR 7E

Both Defendants, by their respective counsel, have consented to the relief sought in this motion.

### Justice Requires Leave be Granted to File An Amended Complaint

Fed. R. Civil P. 15(a)(2) provides that outside the time periods stated in Fed. R. Civ. P. 15(a)(1),

> a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Leave to amend may be denied where there is an

> apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.

Foman v. Davis, 371 U.S. 178, 182 (1962). The Supreme Court cautioned that the pleading phase should not become a "game of skill in which one misstep by counsel may be decisive to the outcome." Id. at 181-182. Rather, where the "facts and circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id. In this case there exist none of the reasons stated in Foman to justify a denial of leave to amend the complaint.

Furthermore, this Court's scheduling order permits amendments of pleadings until March 29, 2013 (thirty days after entry of the pretrial order). The amendment comes very early in the litigation; the discovery cutoff is not until May 3, 2013, and no discovery has as yet taken place.

2

No other deadlines, including the settlement conference or trial date, will be disrupted by the amendment. There are no pending dispositive motions. The proposed Amended Complaint complies with the law and facts in this case, and justice will be served by permitting the amendment.

WHEREFORE, for the foregoing reasons Plaintiff prays this Honorable Court grant her leave to file the Amended Complaint attached hereto.

Respectfully submitted,

/s/ Patricia A. Smith
_____
PATRICIA A. SMITH Va. Bar # 26090
LAW OFFICES OF PATRICIA A. SMITH
500 Montgomery Street, Suite 400
Alexandria, Va. 22314
(703) 548-3774
Fax: (703) 859-7640
email: pasmithaty@aol.com
Co-Counsel for Plaintiff

3