IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LESLIE GREEN, | |
| Plaintiff, | Civil Action No. 3:12-cv-882 |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | Judge John A. Gibney |
| Defendants. | |

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND UNSEAL**

Defendant The Prudential Insurance Company of America ("Prudential") submits this response to Plaintiff's motion to strike and to unseal.

## INTRODUCTION

Plaintiff's motion is unnecessary, premature, and groundless.

As to the filing of the administrative record regarding Plaintiff's claim for long-term disability ("LTD") benefits, Prudential does not oppose the motion to unseal. Prudential filed the administrative record under seal at Plaintiff's behest, accepting her counsel's representation that this was the preferred local practice in cases where plaintiff sought disability benefits. Assuming Plaintiff is willing to have her medical information in the public record, Prudential does not oppose Plaintiff's motion to strike its filing of the record under seal. Promptly upon entry of an order vacating the seal as to the administrative record already on file, Prudential will separately

file a redacted copy of the administrative record along with affidavits certifying its completeness.[1]

Plaintiff's contention that the administrative record is incomplete is both groundless and not properly before the Court on this motion to strike and unseal. At best, the argument is an improper attempt to circumvent the orderly discovery procedures prescribed by Fed. R. Civ. P. 26, 33, 34, and 37. In any event, Prudential has produced the record it compiled in reviewing Plaintiff's claim for LTD benefits. While admittedly limited in size, the record was sufficient for Prudential to determine that Plaintiff's claim was not covered by the LTD plan sponsored by her employer, Owens & Minor Distribution, Inc. ("O&M") and insured through a policy O&M purchased from Prudential. There is no dispute that Plaintiff began treatment for her allegedly disabling condition within three months before she became eligible for coverage under the Plan, making her ineligible for benefits under the Plan's terms. Only a limited factual record was required for Prudential to reach this undisputed conclusion.

## FACTUAL BACKGROUND

Prudential entered into an agreement with co-defendant O&M to insure and provide claims administration services to O&M's LTD plan which provided LTD benefits to O&M's employees. (Admin. Rec. PRU 77212-000124-000001 – 000157 (Group Contract No. G-49919-VA and Plan).) As the plan sponsor, it was O&M's responsibility to decide what LTD benefits to offer. O&M's plan includes a pre-existing condition exclusion. (Admin. Rec. PRU 77212-

---

[1] Plaintiff first complained that the record should not have been filed under seal by email at 3:27 p.m. on March 1. *See* Exhibit ("Ex.") A, Emails between S. Rotkis and V. Borowski, Mar. 1, 2013. Prudential's counsel emailed Plaintiff's counsel at 4:43 p.m. suggesting they schedule a telephone conference for early next week to discuss Plaintiff's concerns, Ex. A, further and subsequently called Plaintiff's counsel on March 1 in an attempt to discuss the issue. Rather than return the call, which likely could have avoided the filing of the motion, Plaintiff filed her motion at 6:00 p.m. on March 1.

000124-000047.) Under O&M's plan, coverage begins for a new employee after six months of employment. (*Id.*) The pre-existing condition provision excludes from coverage any disability arising during the first twelve months of coverage due to a condition for which the claimant received treatment, including diagnostic services, in the three months prior to becoming covered. (*Id.*)

Plaintiff began working for O&M on January 23, 2012. (Compl. ¶ 9.) Her effective date of coverage under the Plan thus was July 23, 2012. (Compl. ¶18.) Plaintiff filed a claim for disability benefits due to illness on August 16, 2012. (Compl. ¶¶ 21-22.) Plaintiff began treatment (as defined by the Plan) for her illness on June 25 and 28, 2012. (Compl. ¶ 16.) Because Plaintiff received treatment in the three months before she became covered by the Plan for the same illness that caused her alleged disability, her claim was excluded from coverage by the O&M Plan's pre-existing condition provision. (Admin. Rec. PRU 77212-000124-00047.)

Plaintiff does not dispute that O&M's Plan has a pre-existing condition exclusion or that she began treatment for her illness in the three months before she became covered by the Plan. Rather, Plaintiff alleges that she should receive LTD benefits because the pre-existing condition exclusion was not communicated to her before her claim for benefits was denied. (Compl. ¶¶ 30 (alleging that the denial of benefits was improper based on a purportedly defective summary plan description, not the absence of a pre-existing condition exclusion from the Plan).) It was O&M's duty as Plan administrator[2] to communicate the Plan's terms to participants. 29 U.S.C. § 1021(a). Prudential's duty under its agreement with O&M (PRU 77212-000124-000148 - 57) and ERISA is to process and pay claims consistent with the written terms of the Plan.

---

[2] ERISA defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.SC. § 1002(16)(A)(i). The Plan documents explicitly state that O&M is both the Plan Sponsor and the Plan Administrator. (PRU 77212-000124-0000017.)

15344068v.7

## ARGUMENT

### I.      Prudential Has Produced The Entire Administrative Record.

Plaintiff's allegation in her motion that Prudential has filed less than the entire

administrative record is unfounded. The administrative record in an ERISA case comprises the

records before the claims administrator – Prudential – when it considered Plaintiff's claim and

appeal. *See, e.g.*, *Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins., Co.*, 32 F.3d 120, 125

(4th Cir. 1994) (considering only the record before the administrator). Plaintiff cites no authority

to the contrary. *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783 (4th Cir. 1995), did not hold that the

claims administrator had provided less than the administrative record. In fact, the composition of

the administrative record was not an issue in the case at all. Instead, the court remanded the case

for further administrative proceedings because the administrative record did not adequately

document the claims administrator's decisional process. *Id.* at 789. For example, the record

provided little support for the claims determination and no letter of denial on administrative

appeal. *Id.* Consequently, the court was unable "adequately to assess the reasonableness of the

plan's decision" to deny benefits. *Id.* Here, Plaintiff is not asking for a remand to Prudential for

further consideration.

*Helton v. AT & T Inc.*, __ F.3d __, Case No. 11-2153, 2013 WL 812118 (4th Cir. Mar. 6,

2013), is similarly inapposite. There, the court held that "the district court properly considered

limited evidence *outside of the administrative record* but known to [defendant administrator]

when it rendered [plaintiff]'s benefits determination." *Id*. at *1 (emphasis added).  *Helton* thus

concerns whether the court properly considered information outside the record.  *Id. Helton* does

not assist a plaintiff seeking to bypass the discovery process.

Moreover, the administrative record already filed by Prudential contains all of the

materials considered by Prudential and is sufficient for the Court to determine the reasonableness

of Prudential's decision. It contains information concerning the date Plaintiff's employment with O&M began, the date she became covered by the Plan, the date she was first treated for her illness, and the date she became disabled by the illness. (PRU 77212-000124-000184 (Letter from Plaintiff's Counsel), 000249 - 51 (Attending Physician's Statement), 000289 - 301 (SOAP Notes and Telephone Log).) The record also contains Prudential's explanation of its denial of the initial claim and its explanation of its reasoning on denying Plaintiff's administrative appeal. (PRU 77212-000124-000256 - 60, 272 - 75.) The record further contains a copy of the Plan documents, which show that the Plan contains a pre-existing condition exclusion and explaining the nature of the exclusion. (PRU 77212-000124-000023 - 74 (pre-existing condition explained on PRU 77212-000124-000047).)

The contention that the record is insufficient because "it provides no information into the analysis done by Prudential in denying benefits" (Pl. Br., at 6) is unfounded. The administrative record comports with the ERISA regulations specifying what must be produced to a claimant in that it contains all documents that:

> (i) W[ere] relied upon *in making the benefit determination*;
>
> (ii) W[ere] submitted, considered, or generated in the course of *making the benefit determination*, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrate[] compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section *in making the benefit determination*; or
>
> (iv) In the case of . . . a plan providing disability benefits, constitute[] a statement of policy or guidance with respect to the plan concerning the denied . . . benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8).   The record here contains all of the information considered by Prudential in deciding Plaintiff's claim and that is all that was required to be included.

The documents that Plaintiff claims should have been included in the administrative record were either produced already or are not documents that must be included in an administrative record because they were not before the administrator in deciding the claim and have no bearing on the reasonableness of Prudential's decision under the terms of the Plan.

Prudential has already provided the first category of documents listed in Plaintiff's motion. The administrative record contains "A copy of all documents, including electronic documents, emails, internal and external communications, or notes, that include reference to Leslie Green or her personal identifying information, including the control number or any identifier related to this claim." (Pl. Br., at 7.) Prudential has included in the administrative record all such documents that were received or created during consideration of her appeal over which it does not claim privilege[3] and offers the sworn testimony of a person with knowledge of the record to support its assertion. *See* Exhibit ("Ex."). B, Declaration ("Decl.") of H. Francobandiero, at ¶¶ 4-6; Ex. C, Decl. of A. Holland, at ¶¶ 3-4.[4] Plaintiff offers nothing but conjecture that Prudential has not included such documents in the administrative record.

Similarly, the administrative record also contains "a copy of the relevant contract between Owens & Minor, Prudential and any other party to the agreement, that governs the LTD at issue." (Pl. Br., at 7.) Group Contract No. G-49919-VA and its amendments are located in the

---

[3] Prudential has redacted a small portion of one document in the administrative record over which it asserts attorney-client privilege. (PRU 77212-000124-000294.) Prudential has provided Plaintiff with a privilege log sufficient to inform Plaintiff of the basis Prudential claims for assertion of the privilege.

[4] Prudential inadvertently omitted from the administrative record filed under seal six pages comprising the event log for Plaintiff's claim. These pages are included among the documents authenticated in the Holland Declaration. Prudential is providing these pages, Bates-labeled PRU 77212-000124-000302 - 307, to the other parties in this litigation contemporaneously with the filing of its response and will include them in the redacted administrative record to be filed with the Court if the previously filed record is stricken and unsealed.

record at PRU 77212-000124-000075 – 000157. It is unclear why Plaintiff would claim that the contracts were not included in the administrative record.

The other categories of documents which Plaintiff claims should be in the record are categories of documents that were not relied upon, submitted, considered, or generated in the course of making Prudential's decision, do not demonstrate compliance with required administrative processes and safeguards in the specific instance of Plaintiff's claim, and do not constitute a statement of policy or guidance with respect to the plan concerning denying a benefit based on the pre-existing condition exclusion. *See* 29 C.F.R. § 2560.503-1(m)(8). They are:

> (3) a copy of all documents that provide guidance to claims managers, human resources personnel, plan administrators, or other persons that make claims decisions regarding LTD at issue;
>
> (4) a copy of all policies, procedures or training materials regarding ERISA and its implementing regulations as it relates to employee-welfare plans such as LTD in this case;
>
> (5) a copy of all information, including emails and written communication, regarding the drafting and approval of the SPD that describes the LTD at issue in this case; [and]
>
> (6) a copy of all documents, including correspondence and communications, regarding appeals, appeals decisions, and lawsuits, *regarding any plan participant* denied for a pre-existing condition exclusions.

(Pl. Br., at 7-8 (emphasis added).) As for categories (3) and (4), while Prudential does have general training materials on claims handling, its decision on Plaintiff's claim turned on the terms of the Plan and the undisputed facts.  Thus, general training and policy materials were not needed to resolve Plaintiff's claim under the Plan and were not made part of the record. Plaintiff cites no authority for her contention that such unspecified, general training materials automatically become part of the administrative record. As to category (5), documents regarding the drafting of the SPD would not have been relied upon, submitted, considered, or generated in the course of making the decision, would not demonstrate compliance with required

administrative processes and safeguards, and would not constitute a statement of policy or guidance with respect to the plan concerning the denied benefit. Finally, as to category (6), documents concerning other claimants, if any such documents or claimants exist, is not something Prudential would have considered -- its only task was to consider Plaintiff's claim under the Plan.

Plaintiff may well believe she is entitled to discovery of certain of these documents in this lawsuit, but this does not mean that these documents are part of the administrative record of her appeal. If Plaintiff wishes to seek these documents in discovery, she is free to do so. The parties can then address her requests pursuant to the applicable rules.

## II.   Prudential Has No Objection To Unsealing The Record It Has Filed.

Plaintiff's counsel suggested filing the administrative record under seal during the case management discussions with counsel for Prudential and O&M. On February 4, 2013, Plaintiff's counsel sent an email to defense counsel in which she stated, "Administrative Record: I called the clerk's office today and spoke to Rob Walker, who advised that it would be proper to file the administrative record with a motion to seal pursuant to Local Rule 5 & Fed. R. Civ. P. 26(a)(1)." *See* Ex. D, Email from S. Rotkis to V. Borowski and C. Booker, Feb. 4, 2013. Normally, pursuant to Fed. R. Civ. P. 5(d)(1), discovery documents are not filed with the Court until used in a proceeding or ordered by the Court to be filed. Based on counsel's email, Prudential proceeded in good faith to file the record under seal. Prudential is happy to accommodate Plaintiff's change of position on this issue. Prudential will provide a redacted copy of the administrative record for filing if the Court unseals the record. Prudential alerts Plaintiff and the Court that the record does contain information regarding Plaintiff's health condition. For example, the record contains an attending physician's statement identifying her diagnosis, correspondence from her counsel and Prudential discussing her health, and notes complied by Prudential personnel which concern her

health. (PRU 77212-000124-000159 - 172 (letter from counsel), 000181 - 87 (letter from counsel), 000249 - 51 (Attending Physician's Statement), 000272 - 75 (letter from Prudential), 000261 - 65 (letter from Prudential), 000289 - 301 (SOAP Notes and Telephone Log).)

Plaintiff accuses Prudential of failing to serve the administrative record on her counsel. Prudential, however, did serve copies of what it filed under seal on counsel for Plaintiff and co-Defendant by first class mail on February 14, 2013. *See* Ex. E, Certificate of Service by R. Petcher; Ex. F, Decl. of R. Petcher, ¶ 6. According to both Plaintiff's and co-Defendant's counsel, these copies were not received. When Prudential learned of that, its counsel promptly emailed copies to Plaintiff's and O&M's counsel. Prudential has also addressed counsel's complaints about the image quality of certain pages of the record and will continue to do so if there are concerns about specific record pages.

Finally, Prudential did not agree to provide the administrative record in "native format" in the 26(f) conference. As she stated in her email to Defendants' counsel on February 2, 2013 summarizing agreements made in their 26(f) discussions, "ESI – unlikely to be at issue, will cross the bridge if we get there, otherwise the Local and Federal Rules will govern ESI." *See* Ex. D, Email from S. Rotkis to V. Borowski and C. Booker, Feb. 4, 2013. Counsel did not indicate any agreement regarding production of documents in "native format."

## Conclusion

Plaintiff's motion is unnecessary, premature, and unfounded. Prudential would have agreed to unseal the administrative record and only filed under seal at Plaintiff's request to protect her privacy. Prudential does not oppose unsealing the administrative record and states that if the record is unsealed, it will promptly provide a redacted copy of the record for filing. Plaintiff's objection to the content of the administrative record is groundless and at best

15344068v.7

constitutes a premature and procedurally improper attempt to conduct discovery by motion. Other than unsealing the record and permitting Prudential to file a redacted copy, the Court should deny Plaintiff's motion.

DATED: March 12, 2013

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Taron Kato Murakami

    Rhett E. Petcher (VSB # 65826)
    Taron Kato Murakami (VSB # 71307)
    SEYFARTH SHAW LLP
    975 F Street, N.W.
    Washington, D.C. 20004-1454
    Telephone: (202) 463-2400
    Facsimile: (202) 828-5393
    rpetcher@seyfarth.com
    tmurakami@seyfarth.com

    and

    Ian H. Morrison
    (admitted *pro hac vice*)
    Violet H. Borowski
    (admitted *pro hac vice*)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone: (312) 460-5000
    Facsimile: (312) 460-7000
    imorison@seyfarth.com
    vborowski@seyfarth.com

    *Attorneys for The Prudential Insurance*
    *Company of America*

15344068v.7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing Defendant The

Prudential Insurance Company of America's Response to Plaintiff's Motion To Strike And

Unseal to be served upon the following via the Court's CM/ECF system on this 12th day of

March, 2013:

Susan Mary Rotkis
srotkis@clalegal.com
Leonard Anthony Bennett
lenbennett@cox.net
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
*Counsels for Plaintiff Leslie Green*

Patricia A. Smith
Law Offices of Patricia A. Smith
500 Montgomery St.
Suite 400
Alexandria, VA 22314
pasmithaty@aol.com
*Counsel for Plaintiff Leslie Green*

Charles Michael Sims
Corey S. Booker
LeClairRyan, A Professional Corporation
P.O. Box 2499
Richmond, VA 23218-2499
charles.sims@leclairryan.com
corey.booker@leclairryan.com
*Counsel for Co-Defendant Owens & Minor
Distribution, Inc.*

/s/ Taron Kato Murakami
Taron Kato Murakami (VSB # 71307)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004-1454
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
tmurakami@seyfarth.com

*Attorneys for The Prudential Insurance Company of
America*

15344068v.7